UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDY LANDRY | CIVIL ACTION |
| VERSUS | NO. 17-1954 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "B" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Sandy Landry, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration ("Commissioner"), which denied her claim for benefits.

After the Commissioner filed her answer, Record Doc. No. 8, plaintiff filed an unopposed Motion to Remand for further administrative proceedings. Record Doc. No. 16. Plaintiff argues that the case should be remanded for an Administrative Law Judge ("ALJ") to consider new and material medical evidence attached to her motion that she alleges relates to the time period for which benefits were denied; that there is a reasonable probability that the new evidence will change the outcome of the ALJ's decision; and that good cause exists for plaintiff's failure to incorporate the evidence in the prior proceeding. On this ground, plaintiff seeks remand so that an ALJ may further develop the record and re-evaluate her claim.

No opposition to the motion has been filed. The Commissioner's attorney, Jason Bigelow, orally confirmed to a member of my staff that he does not oppose the motion.

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Richard ex rel. Z.N.F. v. Astrue, 480 F. App'x 773, 776 (5th Cir. 2012) (citing Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005)); Stringer v. Astrue, 465 F. App'x 361, 363 (5th Cir. 2012) (citing Waters v. Barnhart, 276 F.3d 716, 716 (5th Cir. 2002)).

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100-01 (1991). Having reviewed the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS RECOMMENDED** that plaintiff's unopposed motion to remand be **GRANTED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), quoted above.

In the instant case, the Commissioner apparently concedes, via her lack of opposition to plaintiff's motion, that substantial evidence in the record is lacking at this time to uphold her decision. Accordingly, it appears that good cause exists to support reversal of the decision and remand this case.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the Commissioner's decision be reversed and that plaintiff's unopposed motion to remand be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  9th  day of August, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.